UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JONATHAN D. CALBETZOR,

    Plaintiff,

v.                                                        Case No: 5:19-cv-137-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Sarah H. Bohr, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $5,408.14. (Doc. 32). In support of the motion, counsel has filed a fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 32-1). Counsel represents that the Commissioner has no objection to the requested fees.

### I. BACKGROUND

On February 19, 2020, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 28). On April 6, 2020, the Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act (EAJA) in the sum of $7,826.86, for time spent representing Plaintiff before this Court. (Doc. 31). Subsequently, on remand, The Commissioner issued a fully favorable decision and awarded Plaintiff past due benefits. (Doc. 32-2). The Notice of Award states that Plaintiff will receive a payment of $41,603.00, and that $13,235.00 was withheld to pay Plaintiff's representatives. (Doc. 32-2). Pursuant to the fee agreement, the attorney fee payable

from Plaintiff's past-due benefits is $5,408.14. This is twenty five percent of the past due benefits—$13,235.00—minus the previously awarded EAJA fees in the amount of $7,826.86.

## II. DISCUSSION

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id.* at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation she is not entitled to and that payment of the compensation would be unfair or detrimental to

Plaintiff. In this regard, counsel has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 32-1). The Court is satisfied that this fee award is reasonable in comparison to the amount of time and effort Plaintiff's counsel expended on this case and given the risks in contingent litigation. Further, the Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Sarah H. Bohr's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 32) is due to be **GRANTED**. Section 406(b) fees are approved for counsel in the sum of **$5,408.14.**

**DONE** and **ORDERED** in Ocala, Florida on June 17, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties